**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| SHAWN E. ERVIN, | Case No: 1:20-cv-372 |
| Plaintiff, | Barrett, J. |
| v. | Bowman, M.J. |
| HIGHLAND COUNTY PROSECUTOR ANNEKA P. COLLINS, et al., | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

On May 4, 2020, Plaintiff initiated this lawsuit in the Eastern Division of the Southern District of Ohio. (Doc. 1). On May 11, 2020, because the allegations giving rise to the complaint occurred in Highland County, Ohio, the case was transferred into the Western Division. (Doc. 2). By separate Order issued this date, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

**I.  Screening Authority**

Congress has authorized federal courts to dismiss a complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez,* 504 U.S. 25, 31, 112 S.Ct. 1728 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in

fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29, 109 S.Ct. 1827 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir.1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin,* 630 F.3d 468, 471 (6th Cir.2010) (quoting *Neitzke,* 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 93, 127 S.Ct. 2197 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285 (1976), and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting *Twombly,* 550 U.S. at 570); *see also Hill,* 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). The Court must accept all well pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555 (quoting *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

**II.     Plaintiff's Complaint**

Plaintiff brings this action against three individual Defendants identified as Highland County Prosecutors Anneka Collins and James Roeder, and Judge Rocky Coss. Together with his motion to proceed *in forma pauperis*, Plaintiff has tendered 119 pages of exhibits, including two documents docketed as complaints. The first complaint seeks "to remove the fraudulent conviction and recover damages by the prosecution and judge in criminal case 17CR116," which is a reference to Plaintiff's criminal conviction in state court. (Doc. 1-1 at 2). Plaintiff generally alleges that the prosecution "changed their story," and that the Ohio court convicted him in violation of various constitutional rights. (*Id.* at 2-3). As relief, he seeks a return of personal property, intellectual property and software, monetary damages, sanctions and criminal charges to be instituted against all three Defendants, and injunctive relief to "[r]eestablish the plaintiff's name…" including but not limited to an "FBI investigation into crimes and conspiracy against all defendants in the Highland county court system." (*Id.* at 3-4). The second document is typed on a

pro se litigant complaint form and is captioned as a "Complaint and Request for Injunction." (Doc. 1-2). Because both documents contain similar allegations and seek similar relief, they are construed as a single pleading.

On the pro se form there is a "Statement of Claim" section that asks litigants to write "a short and plain statement of the claim" in order to state "how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct." (Doc. 1-2 at 4). In response to the question "What are the facts underlying your claim(s)?," the Plaintiff alleges as follows:

> Rights during pre-trial, trial, post-trial, and appeals were denied. Submitting of physical evidence, assigning an expert, [e]ffective counsel. Use of double standards, perjury, and contr[a]dictions to defend mistrial. Allowed bribery of witness. Submitting fraudulent evidence. See affidavit for detailed explain[]ation.

(*Id.* at 5). Plaintiff identifies the time frame of the events in question as May 17, 2017 to the "present." (*Id.* at 4).

It is clear from the allegations in the combined complaint(s) and from all attached documents that Plaintiff challenges his underlying state criminal convictions for forgery through this civil rights complaint.[1] *See, e.g., State v. Ervin*, 2018 WL 4091726 (Ohio Ct. App., 4th Dist., Aug. 22 2018) (rejecting appeal of three felony counts of forgery and affirming his convictions). Following denial of his direct appeal of those convictions in

---

[1] Plaintiff's criminal convictions for forgery relate to underlying disputes with his former girlfriend, Kimberly Dunham, identified as the mother of three of Plaintiff's biological children. Shortly before the time frame at issue in this lawsuit, Ervin unsuccessfully attempted to appeal a January 20, 2017 judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch. The Ohio Court of Appeals for the Tenth District dismissed that appeal after concluding that the decision did not contain a final, appealable order. *Dunham v. Ervin*, 2017 WL 4074581 (Ohio Ct. App. 10th Dist., Sept. 14, 2017). Ervin's subsequent attempt to appeal the October 23, 2017 ruling by the same court was dismissed by the Ohio Court of Appeals for the same reason. *See Dunham v. Ervin*, 2019 WL 2114121 (Ohio Ct. App. 10th Dist., May 14, 2019).

state court, Plaintiff filed an unsuccessful petition for post-conviction relief alleging that "the trial court was biased against him, abused its authority, committed judicial misconduct, committed perjury in its rulings, allowed the state's witnesses to accept bribes, and was technologically incompetent." *State v. Ervin*, 2019 WL 6047352 at *1 (Ohio Ct. App. Fourth Dist., Nov. 6, 2019). The Ohio Court of Appeals affirmed the trial court's rejection of his post-conviction petition on grounds that his legal claims were barred by res judicata. The state appellate court also rejected his claims of ineffective assistance of trial and appellate counsel. *Id.* The state court noted that it also was affirming to the extent that the appeal included an appeal of the denial of a motion for sanctions in which Ervin sought to have the trial judge disbarred and a motion for an FBI investigation. *Id.* at ¶35. The Supreme Court of Ohio recently denied further discretionary review. *Id.*, 158 Ohio St.3d 1422, 140 N.E.3d 740 (Table) (Ohio March 3, 2020).

### III. Analysis of Claims

Because all of Plaintiff's claims would undermine the validity of his convictions in state court, he fails to state any claim that would be cognizable under 42 U.S.C. § 1983. *See Heck v. Humphrey,* 512 U.S. 477, 486-87, 114 S.Ct. 2364 (1994). In *Heck,* the Supreme Court held that a § 1983 civil rights action seeking money damages on the basis of an allegedly unconstitutional conviction or sentence will not lie unless the plaintiff has already succeeded in having the conviction or sentence invalidated. When a successful § 1983 action would necessarily imply that a prior sentence or conviction was invalid, the complaint must be dismissed unless the plaintiff can demonstrate that his conviction or sentence has been reversed on appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations or called into

5

question by the issuance of a writ of habeas corpus. *Id.; see also Lanier v. Bryant*, 332 F.3d 999, 1005-06 (6th Cir. 2003) The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997).

Even if Plaintiff's claims were not barred by *Heck*, however, his complaint alternatively would be dismissed for failure to state a claim because two of the Defendants are prosecutors and the third is a state court judge. In their respective roles, all three Defendants are entitled to absolute immunity. For example, Defendant Judge Coss is afforded absolute immunity from liability for actions taken while functioning within his judicial capacity. "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Barrett v. Harrington*, 130 F3d 246, 255 (6th Cir. 1997). Judges retain absolute immunity from liability even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *see also Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004); *Stern v. Mascio*, 262 F. 3d 600, 607 (6th Cir. 2001).

"[J]ust as judges have immunity from suit under 42 U.S.C. § 1983 for any actions taken in a judicial capacity, prosecutors have immunity for acts taken in their capacity as prosecutors." *Arega v. DeWine*, 2015 WL 3755954 at *2 (citing *Stump*, 435 U.S. 349 and *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S.Ct. 984 (1976)). Therefore, both Prosecutors Collins and Roeder "have immunity for acts taken in their capacity as prosecutors." *Id.* (and cases cited therein); *see also Manetta v. Macomb County Enforcement Team*, 141 F.3d 270, 274 (6th Cir. 1998) (quoting Imbler, 424 U.S. at 430).

6

Just like judicial immunity, "[a]bsolute prosecutorial immunity is not defeated by a showing that a prosecutor acted wrongfully or even maliciously." *See Lomaz v. Hennosy*, 151 F.3d 493, 498 n. 7 (6th Cir. 1998) (internal quotation marks and citation omitted).

Based upon the lack of any federal claim, pendent jurisdiction under 28 U.S.C. § 1367 should not be exercised, even if this Court could conceive of any state-law claims. *See United States Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130 (1966); *see also Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir.2009) (quoting *Wojnicz v. Davis,* 80 Fed. Appx. 382, 384-85 (6th Cir.2003)) ("If the federal claims are all dismissed before trial, the state claims generally should be dismissed as well.").

### IV.     All Accompanying Motions Should be Denied

In addition to the two documents jointly construed as a single complaint (Docs. 1-1 and 1-2), Plaintiff has attached the following documents to his initial motion: Motion for Injunction (Doc. 1-3); Motion for Handwriting Expert (Doc. 1-4); Motion for Subpoena for Evidence (Doc. 1-5); Motion to Duplicate Crime (Do. 1-6); Affidavit (Doc. 1-7); Motion for Criminal Investigation (Doc. 1-8); Motion to Void Judgment (Doc. 1-9); Argument of Ethics (Doc. 1-10); and three Motions "for Psychological Assessment" (Docs. 1-11, 1-13, 1-14). In light of the recommended dismissal of this lawsuit for failure to state any claim, all motions that accompany his complaint should be denied as moot.[2]

### V.     Conclusion and Recommendation

For the reasons stated, **IT IS RECOMMENDED THAT** Plaintiff's complaint be **DISMISSED** as frivolous under 28 U.S.C. § 1915(e)(2)(B) for failure to state any claim and that all accompanying motions be **DENIED AS MOOT**. Based upon the lack of any

---

[2] Only some of the motions are dispositive. Although non-dispositive motions could be denied by separate order, the undersigned includes all motions within this R&R for judicial economy and the convenience of this Court.

7

arguable basis for appeal either in law or in fact, **IT IS FURTHER RECOMMENDED** that the trial court certify in writing that no appeal may be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Neitzke,* 490 U.S. at 325.

      *s/ Stephanie K. Bowman*
      Stephanie K. Bowman
      United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

SHAWN E. ERVIN,

        Plaintiff,

v.

HIGHLAND COUNTY PROSECUTOR
ANNEKA P. COLLINS, et al.,

        Defendants.

Case No: 1:20-cv-372

Barrett, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within FOURTEEN (14) DAYS of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within FOURTEEN (14) DAYS after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).