# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

SHAWN E. ERVIN,

        Plaintiff,

v.

HIGHLAND COUNTY PROSECUTOR
ANNEKA P. COLLINS, et al.,

        Defendants.

Case No: 1:20-cv-372

Black, J.
Bowman, M.J.

## SUPPLEMENTAL REPORT AND RECOMMENDATION

On May 4, 2020, Plaintiff initiated this lawsuit in the Eastern Division of the Southern District of Ohio. (Doc. 1). On May 11, 2020, because the allegations giving rise to the complaint occurred in Highland County, Ohio, the case was transferred into the Western Division. (Doc. 2). On May 19, the undersigned granted Plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and filed a Report and Recommendation ("R&R") that recommended that Plaintiff's complaint be dismissed as frivolous and for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). (Docs. 4, 17).

On June 17, 2020, Plaintiff filed Objections to the referenced R&R, along with an Amended Complaint. (Docs. 19, 20). Although the Objections remain pending before the presiding district judge, the Amended Complaint is before the undersigned for additional screening under 28 U.S.C. § 1915(e)(2)(B). For the same reasons discussed in the May 19, 2020 R&R, Plaintiff's Amended Complaint also should be dismissed.

Like the original complaint, Plaintiff's Amended Complaint seeks "to remove the

fraudulent conviction and recover damages by the prosecution and judge" in Plaintiff's underlying state court criminal case. (Doc. 20 at 2; *see also* Doc. 1-1 at 2). As explained in the prior R&R, it is clear from the allegations that Plaintiff challenges his underlying state criminal convictions for forgery through this civil rights complaint.[1] *See, e.g., State v. Ervin*, 2018 WL 4091726 (Ohio Ct. App., 4th Dist., Aug. 22 2018) (rejecting appeal of three felony counts of forgery and affirming his convictions). Because all of Plaintiff's claims would undermine the validity of his convictions in state court, he fails to state any claim that would be cognizable under 42 U.S.C. § 1983. *See Heck v. Humphrey,* 512 U.S. 477, 486-87, 114 S.Ct. 2364 (1994). Even if Plaintiff's claims were not barred by *Heck*, however, his complaint alternatively would be dismissed for failure to state a claim because two of the Defendants are prosecutors and the third is a state court judge. In their respective roles, all three Defendants are entitled to absolute immunity.

Rather than repeat verbatim the more complete analysis of the Report and Recommendation previously filed on May 19, 2020 (Doc. 17), this Supplemental Report and Recommendation incorporates that analysis as if fully restated. Therefore, for the reasons stated above and in the May 19, 2020 Report and Recommendation, **IT IS RECOMMENDED THAT** Plaintiff's recently amended complaint be **DISMISSED** as frivolous under 28 U.S.C. § 1915(e)(2)(B) for failure to state any claim and that all accompanying motions be **DENIED AS MOOT**. Based upon the lack of any arguable

---

[1] Plaintiff's criminal convictions for forgery relate to underlying disputes with his former girlfriend, Kimberly Dunham, identified as the mother of three of Plaintiff's biological children. Shortly before the time frame at issue in this lawsuit, Ervin unsuccessfully attempted to appeal a January 20, 2017 judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch. The Ohio Court of Appeals for the Tenth District dismissed that appeal after concluding that the decision did not contain a final, appealable order. *Dunham v. Ervin*, 2017 WL 4074581 (Ohio Ct. App. 10th Dist., Sept. 14, 2017). Ervin's subsequent attempt to appeal October 23, 2017 rulings by the same court was dismissed by the Ohio Court of Appeals for the same reason. *See Dunham v. Ervin*, 2019 WL 2114121 (Ohio Ct. App. 10th Dist., May 14, 2019).

basis for appeal either in law or in fact, **IT IS FURTHER RECOMMENDED** that the trial court certify in writing that no appeal may be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Neitzke,* 490 U.S. at 325.

<u>*s/ Stephanie K. Bowman*</u>
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

SHAWN E. ERVIN,

          Plaintiff,

v.

HIGHLAND COUNTY PROSECUTOR
ANNEKA P. COLLINS, et al.,

          Defendants.

Case No: 1:20-cv-372

Black, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within FOURTEEN (14) DAYS of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within FOURTEEN (14) DAYS after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).